John Rushing (Cal. SBN: 331273)
Ryan McCarl (Cal. SBN: 302206)
Adam Burch (Cal. SBN: 357132)
**RUSHING MCCARL LLP**
2219 Main St. No. 144
Santa Monica, CA 90405
T: (310) 896-5082
E: service@rushingmccarl.com

*Attorneys for Plaintiffs and Judgment-Creditors*
*Jessie Garcia and Diana Valverde*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA (RIVERSIDE)

| | |
|---|---|
| In re<br><br>LYNN A. BETHURUM,<br><br>*Debtor.* | Case No. 6:25-bk-16455-RB (Ch. 7)<br>Adv. Proc. No. 6:25-ap-01131-RB<br><br>**First Amended Adversary Complaint for:** |
| JESSIE GARCIA, an individual, and DIANA VALVERDE, an individual,<br><br>*Plaintiffs,*<br><br>v.<br><br>LYNN A. BETHURUM, an individual, and MIXAGENT, INC., a corporation,<br><br>*Defendants.* | • Nondischargeability under 11 U.S.C. § 523(a)(2)(A)<br>• Nondischargeability under 11 U.S.C. § 523(a)(4)<br>• Nondischargeability under 11 U.S.C. § 523(a)(6)<br><br>(Requesting findings of nondischargeability due to fraud and entry of judgment on Labor Commission award) |

**FIRST AMENDED ADVERSARY COMPLAINT OF JESSIE GARCIA AND DIANA VALVERDE AGAINST LYNN BETHURUM AND MIXAGENT, INC.**

Creditors Jessie Garcia and Diana Valverde (collectively "Garcia") allege against Debtor Lynn A. Bethurum ("Bethurum") — with personal knowledge as to Garcia's actions and upon information and belief as to the actions of others — as follows:

### Introduction

1.    In May 2025, after a full briefing following nearly three years of litigation, the California Labor Commissioner ordered Debtor Bethurum to pay Garcia $468,683 in restitution, interest, and fees[1] because Debtor Bethurum defrauded Creditor Garcia, an iHeartRadio DJ, by falsely holding himself out as the head of a national talent agency called MixAgent.[2]

2.    Bethurum, whom the Commissioner found "uncredible" after he "lied repeatedly" under oath,[3] was determined to have "schemed to convince Garcia" that MixAgent was a nationally recognized, bi-coastal talent agency through the use of phony

---

[1]    *See* RJN Ex. 1 [Labor Commissioner's Determination] at p. 14.

[2]    *Id.* at p. 9.

[3]    *Id.* at pp. 5–6.

1  aliases and fabricated employees.[4] Bethurum then abused his

2  fiduciary position to extract "unscrupulous and usurious

3  interest rates" on past due commissions, to which he was never

4  entitled.[5]

5      3.    However, on the eve of the Superior Court's hearing on the

6  Commissioner's Award, precisely when the Court was poised

7  to enter an order in Garcia's favor,[6] Bethurum evaded payment

8  by filing for bankruptcy, triggering a stay of proceedings and

9  thereby dodging accountability for his intentional fraud, which

10  the Commissioner had already determined.

11      4.    Creditors Garcia and Valverde bring this adversary proceeding

12  to ask this Court to properly administer Bethurum's

13  bankruptcy by declaring his debt pursuant to his civil claims

14  and the Labor Commissioner's determination are

15  nondischargeable, so Garcia may move to lift the stay in

16

17  _____

18

19  [4]  *Id.* at p. 9.

   [5]  *Id.*

20  [6]  *See* RJN Ex. 2 [Mot. to Confirm Award]; RJN Ex. 3 [Bankruptcy

21  Petition]; RJN Ex. 4 [Sep. 11, 2025 Minute Order]; RJN Ex. 5 [Oct. 24,

22  2025 Minute Order]; *see also* McCarl Decl. Ex. 1 [2025-09-10 email

   from the Clerk of the Superior Court] and Ex. 2 [2025-09-10 text of the

23  Superior Court's tentative ruling for Case No. 22STCV30425].

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    Superior Court and finally bring closure to nearly a decade of

2    deceit, exploitation, and fraud.

### Jurisdiction, Venue, and the Parties

5.    On September 10, 2025, Debtor Bethurum filed a voluntary

petition under Chapter 7 of the United States Bankruptcy Code.

This adversary proceeding is brought relating to *In re:*

*Bethurum*, No. 6-2:25-bk-16455-RB (Bankr. C.D. Cal.), now

pending in this Court. This Court has jurisdiction over this

adversary proceeding under 28 U.S.C. §§ 157 and 1334, and 11

U.S.C. § 523. This adversary proceeding is a core proceeding

under 28 U.S.C. § 157(b)(2).

6.    Venue is proper in this district under 28 U.S.C. § 1409.

7.    Creditors Jessie Garcia and Diana Valverde are individuals

residing in this District.

8.    Debtor Lynn Bethurum is an individual residing in this District.

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

9.    Defendant MixAgent, Inc. is a California corporation with its
principal place of business in this District.[7]

**General Allegations**

10.    Jessie Garcia is a successful on-air radio personality who, since
April 2019, hosts *The Cruz Show* through iHeartMedia.

11.    In 2017, Garcia was working for Power 106 (KPWR-FM 105.9)
in Los Angeles when he was introduced to Lynn A. Bethurum,
who falsely presented himself as the head of a "full-service
management and talent agency company" called "MixAgent."[8]

12.    Relying on these misrepresentations, Garcia hired Bethurum to
negotiate a new contract with Power 106's new management,[9]
and, in July 2018, trusting Bethurum's lies that MixAgent was a

_____

[7]    *See generally* RJN Ex. 10 [Bethurum Br. Re. Bankr. Effect] (arguing that
Bethurum is MixAgent's sole owner and that his stake in the
company warrants treating MixAgent's assets as property of the
bankruptcy estate); *see also* RJN Ex. 5 [Oct. 24, 2025 Minute Order]
(stating that a stay of proceedings as to MixAgent was also justified
on the basis that the debtor (Bethurum) and nonbankrupt party
(MixAgent) could be considered one entity or as having a unity of
interest) (*citing MM Arizona Holdings LLC v. Bonnano* (S.D.N.Y. Dec.
10, 2008) No. 08 Civ. 5353 (CM), 2008 WL 5203691 at *3).

[8]    *See RJN* Ex. 1 [Labor Commissioner's Determination], pp. 2, 9.

[9]    *Id.* at pp. 2, 4.

5

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1       nationally recognized agency with a full support staff and bi-

2       coastal offices, Garcia also executed the first of two Personal

3       Management Agreements ("PMA") with Bethurum.[10]

4   13.     Under both PMAs' terms, Bethurum became Garcia's exclusive

5       representative, with unfettered power to manage Garcia's

6       image, negotiate directly with radio stations, and sign

7       appearance contracts as Garcia's attorney-in-fact,[11] while

8       requiring Garcia to pay Bethurum a 20% commission on all of

9       Garcia's entertainment-related income, regardless of whether

10       Bethurum helped procure it.[12]

11   14.     Yet, while Bethurum failed in his first task to negotiate a new

12       contract with Power 106,[13] he immediately began charging

13       Garcia $5,500 in monthly "commissions" and unilaterally

14

15

16

17 _____

18

19   [10] *Id.* at pp. 2, 5-6. *See also* RJN Ex. 6 [Cross-Complaint], Ex. A-B (the

20   second PMA followed in April 2019 after Garcia transitioned to
working at iHeartMedia).

21   [11] *See* RJN Ex. 6 [Cross-Complaint], Exs. A-B.

  [12] *See id.* at Exs. A-B, § 5 ("Compensation"); § 1 ("Term").

22   [13] *See* RJN Ex. 7 [Labor Hr'g Tr.] 157:23-25 (Bethurum admitting that he

23   never negotiated a new contract with KPWR).

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    added a 24.5 percent compounding monthly "late fee" on

2    unpaid amounts.[14]

3    15.    This compounding fee caused Garcia's "balance" to

4    balloon — an expansion that intensified when Bethurum

5    applied the same usurious rate to a purported $37,855.95

6    balance listed in the 2019 PMA.[15] Bethurum thereby duped

7    Garcia into turning over his gross wages as payment for

14    *See* RJN Ex. 9 [Bethurum Dep. Tr.] 180:5–181:16 (Bethurum admitting
that he charged "deferred interest" without any contractual basis in
the 2018 PMA). *See also* RJN Ex. 8 [Bethurum Arbitration Ex. List], Ex.
243–44 (MixAgent Accounting).

15    *See* RJN Ex. 1 [Labor Commissioner's Determination], p. 6; *also,
compare* RJN Ex. 6 [Cross-Complaint], Ex. A *with* RJN Ex. 6 [Cross-
Complaint], Ex. B (showing both the 2018 and 2019 PMAs were
virtually identical, with the 2019 PMA §4 addition of a "…balance
due to Manager of $37,855.95 plus interest (per previous contract)"
plus "…A late fee in the amount of $24.5% shall be added monthly on
all late payments and/or balances.").

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    overdue commissions, [16] placing Garcia under significant

2    financial strain.[17]

3    16.    Garcia and Valverde repeatedly sought clarification of these

4    charges, but Bethurum — often communicating through one of

5    his fake employee aliases[18] — stonewalled those requests and

6    failed to provide a meaningful accounting.[19] As a result,

7    between 2017 and 2022, Bethurum unlawfully bilked more than

8    $360,000 from Garcia and Valverde, nearly all of which

9    consisted of supposed interest and late fees.[20]

10

11    ———————————————

12

13    [16]    *See* RJN Ex. 8 [Bethurum Arbitration Ex. List] Ex. 243. *See* RJN Ex. 1
         [Labor Commissioner's Determination], p. 6.

14    [17]    *See* RJN Ex. 7 [Labor Hr'g Tr.] 54:13–22, 54:18–20, 56:3–57:1–2, 107:11–

15    108:2 (Garcia and Valverde testifying that the financial pressure

16    created by Bethurum forced their family to max out credit cards,
         liquidate their 401(k), and cancel a contract on a new home).

17    [18]    *See* RJN Ex. 1 [Labor Commissioner's Determination], pp. 6–7.

18    [19]    *See* RJN Ex. 1 [Labor Commissioner's Determination], pp. 6–7, 11; *See*
         RJN Ex. 7 [Labor Hr'g Tr.] 188:1–9; 186:19–25 (Bethurum admitting

19    that he sent an email to Garcia claiming he was "no longer

20    permitted" by "the office" to discuss financial issues, despite

21    admitting under oath that there was no one at MixAgent with the
         power to override his decisions and that he was "the only authority"

22    over himself).

23    [20]    *See* RJN Ex. 8 [Bethurum Arbitration Ex. List] Ex. 243.

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

17.    Around September 2022, Garcia hired an attorney who uncovered Bethurum's deception. Garcia then filed a petition with the Labor Commissioner under Labor Code section 1700.44, seeking determinations that Bethurum violated the Talent Agencies Act ("TAA") by acting as an unlicensed talent agent, that the PMAs were void, and that commissions and interest paid were subject to disgorgement.

18.    Garcia and Valverde also filed a civil action in the Los Angeles Superior Court and sought a stay pending the Labor Commissioner's determination,[21] and Bethurum moved to compel arbitration. The Superior Court action was paused while the arbitration and Labor Commission actions proceeded.[22]

19.    On August 13, 2024, the Labor Commissioner held a full evidentiary hearing with closing briefs and, on May 14, 2025, issued a Determination and Award: The Commissioner found that Bethurum had defrauded Garcia by holding himself out as a licensed talent agent and by falsely representing that MixAgent employed other (nonexistent) talent agents. Based on

---

[21] Garcia's operative complaint can be found at RJN Ex. 11.

[22] *See* RJN Ex. 12 [2023-04-09 Minute Order]

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    those findings, the Commissioner held the PMA contracts void

2    *ab initio* and ordered Bethurum to pay Garcia $468,683 in

3    restitution, interest, and fees.[23]

4    20.    The Commissioner determined that Bethurum "defrauded

5    Garcia into believing that MixAgent was a full-service

6    management and talent agency company," when, in fact, it was

7    all an elaborate ruse to conceal the truth from Garcia –

8    "MixAgent was only Bethurum" all along[24] – a man that the

9    Labor Commissioner described as "uncredible" and who "lied

10    repeatedly" under oath at the hearing.[25]

11    21.    The Commissioner further found that MixAgent's fabricated

12    staff and the 2019 PMA were central to Bethurum's "financial

13    abuse" of Garcia.[26] By inventing employees and communicating

14    through false identities, Bethurum created a "good-cop-bad-

15    cop" dynamic that obscured his role in inflating Garcia's

16    balance and allowed him to shift blame to nonexistent

17

18    ───────────────────

19

20    [23] *See generally* RJN Ex. 1 [Labor Commissioner's Determination] pp. 8–

21    10, 14.

     [24] *Id.* at pp. 9–10.

22    [25] *Id.* at pp. 5.

23    [26] *Id.* at pp. 6–7.

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1  employees such as "Christine," whose last name Bethurum

2  could not recall at his deposition.[27]

3  22.   Once Bethurum gained Garcia's confidence, "he used his

4  fiduciary position to take advantage of [Garcia], applying

5  unscrupulous and usury interest rates to past due commissions,

6  all the while hiding he was not licensed to procure [Garcia]

7  employment."[28]

8  23.   The Commissioner concluded that Bethurum's actions were not

9  mere mismanagement or unlawful procurement, but a

10  "complicated scheme to defraud" resulting in "a sad tale of

11  trusting people being taken advantage of."[29]

12  24.   Garcia moved to confirm the Award in Superior Court with a

13  hearing set for September 11, 2025. However, on the eve of that

14  hearing, just as the court was poised to confirm the Award,[30]

15  Bethurum filed a Chapter 7 bankruptcy petition to trigger an

16

17  ───────────────

18

19  [27]  *Id. See also* RJN Ex. 9 [Bethurum Dep. Tr.] 150:5–23.

20  [28]  RJN Ex. 1 [Labor Commissioner's Determination], p. 9.

     [29]  *Id.* at pp. 9, 11.

21  [30]  *See* RJN Ex. 2 [Mot. to Confirm Award]; RJN Ex. 4 [Sep. 11, 2025

22  Minute Order]; *See also* McCarl Decl. Ex. 1 [2025-09-10 email from the
     Clerk of the Superior Court] and Ex. 2 [2025-09-10 text of the Superior

23  Court's tentative ruling for Case No. 22STCV30425].

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    automatic stay and prevent its confirmation, and to delay

2    payment of a required bond.[31]

3

4

### CLAIMS FOR RELIEF

5

### First Claim for Relief

**For a Determination That Debtor's Debts Are Nondischargeable**

6    **under 11 U.S.C. §523(a)(2)(A)**

7    *(By Garcia and Valverde Against Debtor Bethurum and Wholly Owned*

8    *Affiliate MixAgent, Inc.)*

9    25.    Each preceding paragraph is realleged and incorporated here

10    by reference.

11    26.    A creditor establishes that a debtor's debt for money is

12    exempted from discharge on a showing by a preponderance of

13    the evidence of: (1) misrepresentation, fraudulent omission, or

14    deceptive conduct by the debtor; (2) knowledge of the falsity or

15    deceptiveness of the statement or conduct; (3) an intent to

16

17    ─────────────────

18

19    [31] *See* Lab. Code §1700.44(a); *see also generally,* RJN Ex. 3 [Bankruptcy
Petition]; *and* RJN Ex. 10 [Bethurum brief re: effect of bankruptcy

20    notice]; RJN Ex. 5 [Oct. 24, 2025 Minute Order]; *See also* McCarl Decl.
Ex. 1 [2025-09-10 email from the Clerk of the Superior Court] and Ex.

21    2 [2025-09-10 text of the Superior Court's tentative ruling for Case

22    No. 22STCV30425].

23

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    deceive; (4) justifiable reliance by the creditor on the debtor's

2    statement or conduct; and (5) damage to the creditor

3    proximately caused by relying on the debtor's statement or

4    conduct.[32]

5    27.   The Labor Commissioner ruled that Bethurum committed

6          fraud against Garcia under § 523(a)(2)(A) in the following ways

7          (among others):

8     • Falsely representing that he operated a full-service talent

9       agency called "MixAgent" with multiple employees,

10      departments, and offices;

11    • Falsely representing that he possessed legitimate, industry-

12      standard experience, connections, and expertise to negotiate

13      contracts for Garcia;

14    • Impersonating nonexistent MixAgent employees to falsely

15      portray a legitimate corporate structure and to stonewall

16      Garcia's requests for accounting;

17

18

19

20

21    _____

22

23    [32] *See* 11 U.S.C. § 523(a)(2)(A).

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

- Falsely representing that he had the lawful ability to procure entertainment work in California, despite knowing he was an unlicensed individual prohibited from doing so;[33]

- Luring Garcia into a relationship of trust and confidence based on these misrepresentations to abuse him financially;

- Demanding and collecting usurious interest charges at a compounding monthly rate of 24.5 percent — an effective annual rate approaching 1,300 percent — without any legal or contractual basis;

- Fabricating "loan" amounts that Garcia never requested or received and then treating those fictitious sums as outstanding balances subject to the same usurious monthly interest; and

- Demanding and accepting more than $360,000 from Garcia by falsely representing that these amounts were legitimately owed.

---

[33] *See* RJN Ex. 7 [Labor Hr'g Tr.] 224:22–225:2 ("Q: And, Mr. Bethurum, you are not a licensed talent agent; correct? A: That's correct. Q: And you have never had a license as a talent agent in California; correct? A: No.").

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

28.   The Commissioner rejected Bethurum's explanations for these misrepresentations, instead ruling that his deceptions were continuous and strategic, persisting over years.[34]

29.   Bethurum knew his representations were false and admitted that:

- He alone controlled MixAgent, and that no one else had authority over decisions attributed to "staff" or "management."[35]

- MixAgent had no employees on record, and that none of the purported staff received W-2s or 1099s.[36]

- He personally set up the MixAgent email accounts used by his fake employees.[37]

- He was never licensed as a talent agent in California.[38]

_____

[34]  *See* RJN Ex. 1 [Labor Commissioner's Determination], pp. 5–7 (also describing Bethurum's hearing testimony as "uncredible" and as "weaving an elaborate tale" concerning his involvement with procuring a contract for Garcia with iHeart Radio).

[35]  *See* RJN Ex. 7 [Labor Hr'g Tr.] 186:19–187:3.

[36]  *Id.* at 169:12–16; 170:1–5; 183:3–11; 184:12–25; 185:1–22.

[37]  *Id.* at 173:3–7.

[38]  *Id.* at 224:22–225:2.

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

- The PMAs did not authorize interest, despite imposing compounding interest charges.[39]

30.   Bethurum then illegally performed acts requiring a talent-agent license while concealing his personal involvement by communicating through fake-employee email aliases.

31.   Bethurum intended for Garcia to rely on his misrepresentations so Garcia would pay him commissions and fees for services Bethurum could not legally render.

32.   The Labor Commissioner found that Garcia justifiably relied on Bethurum's deceptions, that they were intended to confuse and defraud Garcia,[40] and that Garcia was only able to discover them after consulting outside counsel. [41]

---

[39] *See* RJN Ex. 9 [Bethurum Dep. Tr.] 180:5–181:16.

[40] *See* RJN Ex. 1 [Labor Commissioner's Determination], pp. 2–3.

[41] *Id. at* p. 7 ("This good-cop-bad-cop manipulation delayed GARCIA and VALVERDE from seeking legal advice from outside counsel, at which point it would have been discovered that Bethurum was acting as an unlicensed talent agent in contravention of the Talent Agencies Act."), 13 ("Bethurum went to great lengths to deceive Garcia into believing he was working with a full-service talent agency. Garcia only discovered illegal procurement once he went to outside counsel for advice.").

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

33.    Due to Bethurum's fraud, the Labor Commissioner ordered disgorgement of $365,864.60 plus $92,819.35 in statutory interest and awarded Garcia an additional $10,000 in attorneys' fees.

34.    Because Bethurum obtained money from Garcia by false pretenses, false representation, and actual fraud, the debt is nondischargeable.[42]

## Second Claim for Relief
## For a Determination That Debtor's Debts Are Nondischargeable Pursuant to 11 U.S.C. §523(a)(4)
*(By Garcia and Valverde Against Debtor Bethurum and Wholly Owned Affiliate MixAgent, Inc.)*

35.    Each preceding paragraph is realleged and incorporated here by reference.

36.    Bethurum's debt to Garcia is nondischargeable under 11 U.S.C. § 523(a)(4). That statute exempts from discharge any debt arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny,"[43] where defalcation is the "misappropriation of trust funds or money held in any

---

[42] *See* 11 U.S.C. § 523(a)(2)(A).

[43] 11 U.S.C. § 523(a)(4).

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1  fiduciary capacity" or the "failure to properly account for such

2  funds."[44]

3  37.    Under § 523(a)(4), the fiduciary relationship must have arisen

4        from an express or technical trust, imposed before, and without

5        reference to the wrongdoing that caused the debt.[45]

6  38.    Bethurum acted as Garcia's fiduciary pursuant to an express

7        agreement to act as Garcia's professional agent on his behalf,

8        imposed before and independent of the wrongdoing. Bethurum

9        then breached his fiduciary duties through fraud and

10       defalcation in the following ways:

11  •  Misappropriating Garcia's earnings by taking unlawful

12     commissions and diverting payments that should have gone

13     directly to Garcia;

14  •  Imposing a usurious 24.5 percent monthly "interest"

15     charge — an effective annual rate of nearly 1,300 percent — on

16

17  _____

18

19  [44] *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1186 (1996) ("defalcation
20  [also] includes innocent, as well as intentional or negligent defaults
     so as to reach the conduct of *all* fiduciaries who were short in their
21  accounts.") (citing *In re Baird*, 114 Bankr. 198, 204 (1990))(emphasis
     added).
22  [45] *T St. LLC v. Jaques (In re Jaques)*, 615 B.R. 608, 634 (Bankr. D. Idaho
23  2020).

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

unpaid commissions and fabricated balances, without any
lawful or valid contractual basis;

- Failing to properly account for the funds he received on
  Garcia's behalf, including manipulating accounting information
  and using fictitious "staff" to stonewall accounting requests;

- Seducing Garcia into a relationship of trust and confidence
  while concealing his lack of lawful authority, licensing, or
  qualifications required to act as Garcia's talent agent and
  procure work for him; and

- Placing his own financial interests above Garcia's, despite
  occupying a fiduciary role that required loyalty, candor, and
  full disclosure.

39.    Bethurum knew that acting as an unlicensed talent agent was
unlawful,[46] he knowingly misused and misappropriated
Garcia's earnings,[47] and understood that his conduct violated
the fiduciary obligations he owed as Garcia's representative.[48]
At a minimum, Bethurum acted with gross recklessness by

---

[46] *See* RJN Ex. 6 [Cross-Complaint], Ex. A–B.

[47] *See* RJN Ex. 1 [Labor Commissioner's Determination], pp. 9–10.

[48] *Id.*

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    disregarding the substantial and unjustifiable risk that his

2    conduct as a fiduciary was improper. [49]

3    40.    Bethurum's conduct also amounted to embezzlement[50] and civil

4    theft.[51] Garcia's earnings came into Bethurum's possession for

5    the limited and specific purpose of deducting lawful

6    commissions, but Bethurum fraudulently appropriated these

7    funds, applied unlawful commissions, charged fabricated

8    interest, and retained money that belonged to Garcia.

9    41.    As a result of Bethurum's misconduct, Garcia suffered more

10    than $1 million, including (without limitation) the Labor

11    Commissioner's Award of $468,683.95.[52]

12

13    _____

14    [49]  *In re Jaques,* 615 B.R. at 636.

15    [50]  *Id.* at 637 (defining embezzlement as "the fraudulent appropriation of

16    property by a person to whom such property has been entrusted or

17    into whose hands it has lawfully come," and requiring a show of

    three elements: "(1) property rightfully in the possession of a

18    nonowner; (2) nonowner's appropriation of the property to a use

19    other than which it was entrusted; and (3) circumstances indicating

    fraud.").

20    [51]  *See* Cal. Penal Code § 496.

21    [52]  *Compare* RJN Ex. 1 [Labor Commissioner's Determination] *with* RJN

    Ex. 11 (while the Labor Commissioner's determination was based on

22    Bethurum's violation of the TAA, the determination does not

23    encompass all of Garcia's civil claims).

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

**Third Claim for Relief**

**For a Determination That Debtor's Debts Are Not Dischargeable
Under 11 U.S.C. §523(a)(6)**

*(By Garcia and Valverde Against Debtor Bethurum and Wholly Owned
Affiliate MixAgent, Inc.)*

42.     Each preceding paragraph is realleged and incorporated here by reference.

43.     Section 523(a)(6) exempts from discharge any debt for "willful and malicious injury" to another or the property of another,[53] where a willful injury is one in which the debtor either intended to cause injury or knew that injury was substantially certain to result.[54]

44.     A malicious injury requires a wrongful act, done intentionally, which necessarily causes injury and is done without just cause or excuse.[55]

45.     The Labor Commissioner ruled that Bethurum willfully and maliciously injured Garcia in the following ways (among others):

---

[53]  11 U.S.C. § 523(a)(6).

[54]  *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001).

[55]  *Id.* at 1209.

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    • He deployed a "complicated scheme to defraud Garcia" and

2    financially abused him;[56]

3    • He intentionally squeezed unlawful commissions and fees from

4    Garcia for years, knowing he had no legal right to collect them;

5    • He imposed "interest" compounding at 24.5% per month — a

6    rate he knew would financially devastate Garcia and drown

7    him in escalating debt;

8    • He retained third-party payments earned by Garcia rather than

9    forwarding them, and did so knowing it would harm Garcia;

10   • He manipulated accounting and inflated Garcia's theoretical

11   "balance" to fool Garcia into believing he was perpetually

12   obligated to continue to make payments;

13   • He stonewalled requests for accounting information and

14   instead provided vague or evasive responses to prevent Garcia

15   from discovering the truth about the balances he fabricated;

16   and

17   • He maintained the financial relationship to keep Garcia

18   indebted, in a continual state of financial duress, to milk Garcia

19   dry of earnings for his own greed.

20

21   _____

22

23   [56] *See* RJN Ex. 1 [Labor Commissioner's Determination] pp. 1, 6, 11.

22

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

46.    Bethurum knew that charging unlawful commissions, inventing balances, withholding earnings, and imposing usurious interest necessarily and foreseeably would inflict economic harm on Garcia, but did it anyway.

47.    The Labor Commissioner found that Garcia suffered the damages as a direct result of Bethurum's willful and malicious conduct and ordered $365,864.60 in disgorgement, $92,819.35 in statutory interest, and $10,000 in attorneys' fees.

48.    Accordingly, Bethurum's debt to Garcia is nondischargeable under 11 U.S.C. § 523(a)(6).

## Request for Relief

Creditors Garcia and Valverde ask the Court to enter judgment against Debtor Lynn A. Bethurum that includes the following relief:

- A determination that all claims asserted in this Adversary Proceeding are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) as to both Bethurum and his wholly owned entity, MixAgent, Inc.;

- The full amount of the Labor Commissioner's Award is nondischargeable as to Bethurum and wholly owned entity, MixAgent, Inc., including:
  - $365,864.60 in disgorged payments;

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1                o  $92,819.35 in statutory interest at 10% per annum;[57]

2                o  $10,000 in attorneys' fees;

3        • Additional post-award interest at the statutory rate of 10% from

4          the date of violation;[58]

5        • For costs of suit and reasonable attorney fees where authorized

6          and as a form of sanctions under the Talent Agencies Act;[59] and

7        • All other relief this Court deems proper.

8

9

10

11

12

13       _____

14

15   [57] Civ. Proc § 685.010; *See also Sasson v. Sokoloff (In re Sasson),* 424 F.3d

16      864, 870 (2005) (holding that Bankruptcy courts have authority to

liquidate a debt and enter a money judgment when adjudicating

17      nondischargeability claims).

18   [58] Interest calculated under Labor Code § 1700.25(e) using the Labor

19      Commissioner's identified violation date of September 22, 2022,

statutory interest on the $365,864.60 in disgorged payments totals

20      $118,279.54 as of December 15, 2025— an additional $25,460.16 on top

21      of the $92,819.35 already awarded by the Commissioner, not

including any interest accrued on Garcia's civil claims not yet

22      adjudicated.

23   [59] Lab. Code §1700.25(e).

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*

1    Date: December 19, 2025

2    Respectfully submitted,

3

4

5

6    John Mayfield Rushing                    Ryan McCarl
         (Cal. SBN: 331273)                  (Cal. SBN: 302206)

7

8                                      Adam Burch (Cal. SBN: 357132)

9                                **RUSHING MCCARL LLP**
10                   2219 Main St. No. 144 | Santa Monica, CA 90405
                     T: (310) 896-5082 | E: service@rushingmccarl.com
11
12               *Attorneys for Creditors Jessie Garcia and Diana Valverde*

13

14

15

16

17

18

19

20

21

22

23

*First Amended Adversary Complaint of Jessie Garcia against Debtor Lynn Bethurum*